[No. 1544, August 27, 1913.]

CHARLES C. BRADEN, Appellant, v. WATER SUPPLY COMPANY of Albuquerque, New Mexico, a corporation, Appellee.

SYLLABUS (BY THE COURT)

1. A tax payer has no such direct interest in an agreement between a municipality and a corporation for supplying water as will allow him to sue ex contractu for breach, or ex delicto for violation of the public duty thereby assumed.

P. 179

Appeal from the District Court of Bernalillo County; Herbert F. Raynolds, District Judge; affirmed.

B. F. ADAMS and JOHN W. WILSON, Albuquerque, N. M., for appellant.

A. B. McMILLEN, Albuquerque, N. M., for appellee.

Contract of Water Company was with the City of Albuquerque and not with individuals, to supply water for extinguishing fires. Guardian Trust Co. v. Fisher, 200 U. S. 57; Judiciary Act 1789, chap. 20, sec. 34, (U. S.); Revised Statutes (U. S.) section 721; Vol. 4, Enc. of U. S. Sup. Ct. Rep. 1049, and cases cited in note 86; Water Co. v. Freeport, 180 U. S. 595; Burges v. Seligman, 107 U. S. 20.

A city owning its own water works cannot be held liable for failure to furnish sufficient water supply to extinguish fires. 2 Dillon on Municipal Corporations, 975; Wheeler v. Cincinnati, 19 O. St. 19; Fowler v. Water Works Co., 83 Ga. 222, 9 S. E. 673; Wainwright v. Water Co., 78 Hun. 146; Tainter v. City of Worcester, 123 Mass. 311; VanHorn v. City of Des Moines, 63 Ia. 447, 19 N. W. 293; Hayes v. City of Oshkosh, 33 Wis. 314; Stone v. Water Co., 4 Pa. Dist. Rep. 431; House v. Water Works Co., (Tex.) 31 S. W. 179; Boston Safe D. & T. Co. v. Salem Water Co., 94 Fed. 241; Metropolitan Trust Co. v. Topeka Water Co., 132 Fed. 704.

If city, owning its own water company, would not be bound, then there is no privity of contract to bind this appellee to individuals. Boston Safe D. & T. Co. v. Salem Water Co., 94 Fed. 241; Metropolitan Trust Co. v. Topeka Water Co., 132 Fed. 704.

Contract is between the city of Albuquerque and the Water Supply Company and there is no privity of contract with the citizens who happen to live in Albuquerque. Nickerson v. Bridgeport Hydraulic Co., 46 Conn. 24, 33 Am. Rep. 1; Fowler v. Athens City Water Works Co., 83 Ga. 219, 20 Am. St. Rep. 313; Bush. v. Artesian Hot &

Cold Water Co., 43 Pac. 69; Fitch v. Seymour Water Co., 139 Ind. 214, 47 A. S. R. 158; Davis v. Clinton Water Works Co., 54 Ia. 59, 37 A. R. 185; Ferris v. Carson Water Co., 16 Nev. 44, 40 Am. Rep. 485; Akron Water Works Co. v. Brown, 10 O. Cir. Ct. Rep. 620; Beck v. Kittaning Water Co., 11 Atl. 300; Stone v. Union Water Co., 4 Pa. Dist. R. 431; Foster v. Lookout Water Co., 71 Tenn. 42; Houston v. Houston Water Works Co., (Tex) 22, S. W. 277, 31 S. W. 179; Becker v. Keokuk Water Works, 79 Ia. 419, 18 Am. St. R. 377; Phoenix Ins. Co. v. Renton Water Co., 42 Mo. App. 118; Howsmon v. Renton Water Co., 119 Mo. 304, 41 Am. St. R. 654; Eaton v. Fairbury Water Works Co., 37 Neb. 546, 40 A. S. R. 510; Britton v. Green Bay & Ft. H. Water Works Co., 81 Wis. 48, 51 N. W. 84; Boston Safe D. & T. Co. v. Salem water Co., 94 Fed. 238; Metropolitan Trust Co. v. Topeka Wat. Co., 132 Fed. 702; Atkinson v. Newcastle, etc., Water Co., L. R. 2 Exch. Div. 441; Vrooman v. Turner, 69 N. Y. 280; 25 Am. Rep. 195, 197; Mott v. Mfg. Co., (Kans.) 28 Pac. 289; Anderson v. Fitzgerald, 21 Fed. 294; Davis v. Water Works Co., 6 N. W. 126, (Iowa.)

"The petitioner does not allege or show any privity of contract between plaintiff and defendant. The plaintiff is a stranger, and the mere fact that she may find benefits therefrom by the protection of her property in common with all other persons whose property is similarly situated, does not make her a party to the contract or create a privity between her and the defendant." Davis v. Water Works Co., 6 N. W. 126; Becker v. Water Works, 44 N. W. 694; Clark v. City of Des Moines, 19 Ia. 212; McPherson v. Foster, 43 Ia. 57; Jones Neg. Mun. Corp., sec. 31; Beck v. Water Co., 11 Atl. 300; House v. Water Works Co., 22 S. W. 377; Fitch v. Water Co., 37 N. E. 982; Ferhis v. Water Co., 16 Nev. 44; Nickerson v. Hydraulic Co., 46 Conn. 24; Bush v. Artesian Water Co., 43 Pac. 69; Ferris v. Crescent Water Co., 16 Nev. 44, 40 Am. Rep. 485-7.

Contract must have been made for his benefit as its object. Howsmon v. Trenton Water Co., 41 Am. St. Rep.

654; Heller v. Sedalia, 53 Mo. 159, 14 Am. Rep. 444; City
of Kansas v. O'Connell, 99 Mo. 357.

City had no authority to make a contract to indemnify
the plaintiff that would be binding on another. Howsmon
v. Trenton Water Co., 41 Am. St. Rep. 654-660; Foster
v. Lookout Water Co., 3 Lea. 49; Eaton v. Fairbury Water
Works Co., 37 Neb. 546, 40 Am. St. R. 510-18; Boston
Safe D. & T. Co. v. Salem Water Co., 94 Fed. 238; Metro-
politan T. Co. v. Topeka Water Co., 132 Fed. 702, 3, 4;
German Alliance Ins. Co. v. Home Water Co., 226 U. S.
220.

### STATEMENT OF FACTS.

The plaintiff brings this action as a citizen and tax
payer of Albuquerque, alleging that the defendant com-
pany was granted a franchise April 7, 1894, to furnish
water for public and domestic use, to the residents of said
city, and all water necessary for the extinguishing of fires
during the continuance of the franchise, which was for a
period of twenty-five years. Plaintiff further alleges, in
his complaint, that the contract between the city and
Water Company was for the use and benefit of all the
property owners and inhabitants of the City of Albuquer-
que, among them the plaintiff, a property owner whose
property was taxed to raise money to pay hydrant rentals
to the defendant company; that on July 9, 1909, his prop-
erty was destroyed by fire; that a fire alarm was turned
in and the fire department arrived with hose, fire engine
and other appurtenances in less than ten minutes; that
the fire company attached its hose, which was in every re-
spect adequate, to two fire hydrants sufficiently near to af-
ford water adequate for the ready extinguishment of said
fire if there had been proper water pressure; that defend-
ant carelessly and negligently refused to furnish the hy-
drants with sufficient water pressure to extinguish said
fire, and by reason of such tortious and negligent conduct,
on the part of the defendant, the plaintiff's property was
destroyed; that the failure of defendant to provide suffi-
cient water with proper pressure, as provided by ordin-

ance and contract, was not prevented by accident, but was a result of a wanton, careless and willful disregard of the duties and obligations to the several inhabitants of the City of Albuquerque.

Defendant's demurrer to the complaint assigned the following grounds:

"(1). Because there is no privity of contract between the plaintiff and defendant in this cause;

"(2). Because the alleged contract set forth in plaintiff's complaint does not contemplate the liability sued for;

"(3). Because in and by said contract set forth in said complaint said defendant company is not an insurer against loss by fire and does not contract to extinguish fires;

"(4). Because said complaint otherwise and in other respects fails to state facts sufficient to constitute a cause of action."

The demurrer was sustained and plaintiff prosecutes this appeal.

## OPINION OF THE COURT.

HANNA, J.—The question presented for our consideration is whether the defendant under its ordinance, contract and franchise is liable to a private citizen, and tax payer, for loss by fire at a time when it is alleged there was insufficient water pressure to extinguish the fire, and not the water pressure required to be maintained under the contract, which condition was the result of the negligence and wrong doing of the water company, and a violation of a duty and obligation owed to the plaintiff.

The section of this franchise necessary for our consideration is section 8, and is as follows:

"Sec. 8. The said company or its assigns shall furnish to the City of Albuquerque, in consideration of the granting of this franchise, all water necessary for the extinguishment of fires and for fire purposes free of charge.

The first ground of demurrer was the alleged lack of privity between the plaintiff and defendant. It is contended by appellant that the contract between the com-

pany and the city was for the use and benefit of the several inhabitants of the city, he being one. In the first case we can find dealing with the question now under consideration, (Nickerson v. Bridgeport Hydraulic Co., 46 Conn. 24, 33 Am. Rep. 1) it was held that the property owner was a stranger to the agreement with the municipality, and therefore could not maintain an action against the company for a breach of contract with the city. This view has been quite generally adopted in the later decisions upon the subject. In the recent case of German Alliance Ins Co. v. Home Water Co., 226 U. S. 220, it was held by the Supreme Court of the United States that a tax payer has no claim against a water supply company for damages resulting from a failure of the company to perform the contract with the municipality.

We fully appreciate the fact that this opinion is not necessarily controlling upon us and that the case is one of first impression so far as this court is concerned, but this able opinion by Mr. Justice Lamar, in the case last referred to, throws much light upon the question before us, and finding that it correctly sets forth the trend of the authorities to be found upon this subject, we desire to quote, at length and with approval, from the opinion. Speaking of the many decisions upon the question of the right of a taxpayer to look to the water company for damages arising out of an alleged breach of contract by the company, Justice Lamar says:

"From them it appears that the majority of American courts hold that the taxpayer has no direct interest in such agreements, and, therefore, cannot sue *ex contractu*. Neither can he sue in tort, because, in the absence of a contract obligation to him, the water company owes him no duty for the breach of which he can maintain an action *ex delicto*. A different conclusion is reached by the Supreme Courts of three States, in cases cited and discussed in Mugge v. Tampa Water Works, 52 Fla. 371. They hold that such a contract is for the benefit of taxpayers, who may sue either for its breach, or for a violation of the public duty which was thereby assumed."

In the same connection Mr. Dillon observes (Dillon's Municipal Corporations, p. 2303 et seq.) that:

"The question of the *liability of a water company furnishing water to a municipality and its inhabitants under* an ordinance or contract, to respond in damages to a resident owner of property destroyed by fire, on account of the failure of the water company to fulfill its contract with the city to furnish an adequate supply of water at a stipulated price for the extinguishment of fires, has many times received the consideration of the courts, and the weight of authority is that the *contracting company is not chargeable with any greater liability than the city itself*; that the contract is between the city and the water company only; that there is no privity of contract between the individual citizen, though a taxpayer who contributes to the fund disbursed by the city in the payment of hydrant rentals for fire protection, and the water company, which will enable the property owner to recover damages so sustained. But in Kentucky, North Carolina and Florida, the courts have reached a different conclusion, and have held that an *inhabitant of a city* who has suffered loss by fire by reason of the water company's breach of its contract with the city to furnish water for fire protection *may,* as a party for are collected in the case note to Home, et al., v. Presque Isle Water Co., 104 Me. 217, 71 Atl. 769, 21 L. R. A. (N. S.) 1021.

We therefore find that the weight of authority is against the rights of a property owner to maintain an action against the water company for loss of his property proximately resulting from its failure to provide sufficient water for fire purposes, as required by its contract with the municipality. The cases supporting this conclusion are collected in the case note to Home, al., v. Presque Isle Water Co., 21 L. R. A. (N. S.) 1021.

The courts following the weight of authority, upon this question, do so upon the principle that there is lacking of that privity essential to the conferring of a right of action upon a third person not a party to the contract, upon which his rights are necessarily predicated.

It may be conceded to be the general rule that a contract is only intended for the benefit of those who made it and we agree with Mr. Justice Lamar (Ger. All. Ins. Co. v. Water Sup. Co., supra), that "Before a stranger can avail himself of the exceptional privilege of suing for a breach of an agreement to which he is not a party, he must, at least, show that it was intended for his direct benefit."

The views of those courts constituting the majority view upon this question may to some seem inconsistent with justice and reason, and may seem to create a condition abhorrent to the law in that a right seemingly exists for the violation of which there is no remedy, it being generally conceded that the property owner has no right of action against the municipality. To any fair mind there is apparent injustice in the condition resulting from a failure of the water supply company to furnish water for fire purposes in apparent violation of its contract obligation to do so, notwithstanding its customary readiness to promptly collect the usually large compensation for hydrant rentals.

In the case under consideration the compensation to be paid and which presumably was paid, was a large and fair compensation, yet it is here charged that the company failed to give that which it contracted to give for this consideration. We might desire to find a method for the correction of this form of abuse of privilege by a public utility company, but can we do so by a violation of long established legal principles, or by remaking the contract between the parties? It seems to us that it is incumbent upon the public to exercise greater care in granting public franchise for long terms of years, that our legislatures might well consider the legislation of other states designed to protect the public against the reckless granting of one-sided franchises under which the public has but little recognition.

The authorities following the minority line of decisions upon this question, lay stress upon the fact that the defendant is a public service corporation. While that is true, they have the right to stand upon their contract, though

improvidently made, and it is not for us to impose a liability not contemplated by it.

It is to be noted, in the present case, that the question of water pressure is confined to the requirement that the company furnish sufficient supply of good water for domestic and manufacturing purposes, at a maximum pressure of sixty pounds to the square inch, under section 5 of the franchise. The section quoted, supra, (sec. 8) referring to water for fire purposes, is an undertaking to *furnish to the City of Albuquerque* all water necessary for the extinguishing of fires and for fire purposes. We are not overlooking appellant's contention that this undertaking is for the benefit of the several inhabitants of the city, including himself, but we cannot agree that the indirect interest of plaintiff below constitutes that privity necessary to confer a right of action. As said by Mr. Justice Lamar in the case of German Alliance Ins. Co. v. Water Sup. Co., 226 U. S. 220,

"The interest which each taxpayer has therein was indirect,—that incidental benefit only which every citizen has in the performance of every other contract made by and with the government under which he lives, but for the breach of which he has no private right of action. He is interested in the faithful performance of contracts, of service by policemen, firemen and mail contractors, as well as in holding to their warranties the vendors of fire engines. All of these employes, contractors, or vendors are paid out of taxes. But for the breaches of their contracts the citizen cannot sue though he suffer loss, * * * *

"Each of these promisors of the city, like the Water Company here, would be liable for any tort done by him to third persons. But for acts of omission and breaches of contract, he would be responsible to the municipality alone. To hold to the contrary would unduly extend the contract liability, would introduce new parties with new rights, and would subject those contracting with municipalities to suits by a multitude of persons for damages which were not, and, in the nature of things, could not have been, in contemplation of the parties.

"The result is that plaintiff cannot maintain this action, and though based upon the general principle that the parties to a contract are those who are entitled to the rights, is in accordance with the particular intent of those who made this agreement."

The reasoning of this opinion is, in our opinion, controlling upon us in the case under consideration.

The Water Supply Co., of Albuquerque, did not contemplate the liability of an insurer when it entered into its contract with the city and it would be only by a strained construction of such contract that we could hold the company liable, in this case, under the authority of the decisions from Kentucky, North Carolina and Florida.

In this case, as in the South Carolina case, (German Alliance v. Water Co., supra) the plaintiff largely relied upon the decision of the Supreme Court in Guardian Trust & D. Co. v. Fisher, 200 U. S. 57, 50 L. Ed. 367, 26 Sup. Ct. Rep. 186, which latter decision is fully discussed in the German Alliance Ins. Co. case, by Mr. Justice Lamar, who points out that the Fisher case could not have decided the primary question as to the right of the taxpayer to sue, as that issue had been finally settled by the state court and that the Fisher case did not overrule the principle announced in Second National Bank v. Grand Lodge, F. & A. M., 98 U. S. 124, 25 L. Ed. 76, that a third person cannot sue for the breach of a contract to which he is a stranger unless he is in privity with the parties and is therein given a direct interest.

For the reasons given, we conclude that there was no right of action in this appellant as against the Water Supply Co., which conclusion disposes of the case and makes it unnecessary to inquire into the remaining grounds of demurrer. The judgment of the District Court is, therefore, affirmed.