[No. 3435. July 5, 1930.]

CHAVEZ v. LOPEZ.

[290 Pac. 741.]

J. G. Fitch, of Socorro, for appellant.

Francisco Chavez, per se, his attorney having been disbarred.

OPINION OF THE COURT

SIMMS, J.

The sole question in this case is whether or not the trial court properly applied the law to the facts as found by him.

Appellant was the defendant below. He and his wife lived at his father's house. The father had a garden, to water which he put a culvert into an adjoining irrigation ditch. The plaintiff had an alfalfa field adjoining the garden. Defendant's father was called away from home for a considerable time and gave general directions to the family to look after the garden while he was away. The defendant and his wife worked in the garden, weeding it and gathering vegetables there. He had never opened or closed the culvert. The irrigation ditch was dry and the garden was, at the time, greatly in need of water. On a certain night, water was turned into the irrigation ditch and ran through the culvert over the garden and upon the alfalfa land of the plaintiff, where it did damage to certain

hay, for which damage the plaintiff brought suit. The defendant had no actual knowledge that the water was flowing through the culvert until he was informed by the plaintiff after the damage was done.

This action is one for tort. To recover the plaintiff must show that the defendant owed him some duty which he failed or neglected to perform. The injury was caused by some one leaving the culvert open. The son did not install, own, manage, or operate the culvert. He knew nothing of the damage until it was done. As a neighbor, he owed the plaintiff no legal duty with regard to his father's culvert. And the general instructions of the father to the family cannot be said to have singled out this one member thereof as the father's agent, so as to raise the question of whether he might be held individually liable for the damage.

It follows that the judgment of the lower court should be reversed, and the cause should be remanded with directions to enter judgment for the appellant, and it is so ordered.

BICKLEY, C. J., and WATSON, J., concur.

PARKER and CATRON, JJ., did not participate.