This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**ANITA VARGAS, as parent and next friend to Simon Patrick Vaughn, a minor,**

Plaintiff-Appellant,

v.                                                                                  **No. 30,884**

**JOEY A. CRUZ, ALICE SHIRLEY, GEORGE SHIRLEY, STATE FARM INSURANCE, LA FINCA DE LOS ROMEROS EN LAS TRAMPAS, LLC, and STATE OF NEW MEXICO ex rel. NEW MEXICO DEPARTMENT OF TRANSPORTATION,**

Defendants,

and

**ANDRES L. ZAMORA, ESTATES OF FLORAIDA ROMERO ZAMORA, and LEANDRO ZAMORA, deceased,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF TAOS COUNTY**
**John M. Paternoster, District Judge**

Tibo J. Chavez, Jr.

Reggie C. Chavez
Belen, NM

for Appellant

The Simons Firm, LLP
Thomas A. Simons, IV
Frieda Simons Burnes
Faith Kalman Reyes
Santa Fe, NM

for Appellees

## MEMORANDUM OPINION

**SUTIN, Judge.**

Plaintiff Anita Vargas, as parent and next of friend of Simon Patrick Vaughn, her minor son, sued several defendants, including Andres L. Zamora individually and as personal representative of the estates of his parents. This case involves property that Zamora inherited (the property). The lawsuit was based on Simon's personal injuries received when he rode his bicycle from a driveway at a residence adjacent to the property, without yielding, onto State Road 76 (SR 76) in Taos County, New Mexico, where he was hit by an oncoming vehicle. Even though the accident and injuries occurred after Zamora had sold the property, in her lawsuit Plaintiff claimed breach of the duty of ordinary care for having negligently failed to remove a portion of a structure that is situated next to the road and that allegedly obstructed Simon's view and for having sold the property knowing of the dangerous condition. The

2

district court granted summary judgment in favor of Zamora. We refer to Zamora and his deceased parents together as the Zamoras.

More specifically, on appeal, Plaintiff argues the following. The accident and injury were foreseeable in that the Zamoras knew or should have known of the dangerous condition on the property. The Zamoras failed to correct the condition. Zamora failed to notify the purchaser of the defective condition. As a matter of public policy, our courts have recognized a duty of land owners to keep their properties free from visual obstructions to vehicular traffic. And the New Mexico Legislature has expressed public policy prohibiting road obstructions by imposing criminal penalties for obstruction of public roads.

The district court granted summary judgment in favor of Zamora. The court determined as a matter of law that Plaintiff failed to establish that the Zamoras owed a legal duty to Plaintiff. We agree. There existed no legal duty and, therefore, no question for the jury existed as to whether a duty was breached. We affirm summary judgment in favor of Zamora.

**The Applicable Standards**

"Summary judgment is appropriate where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." *Self v. United Parcel Serv., Inc.*, 1998-NMSC-046, ¶ 6, 126 N.M. 396, 970 P.2d 582. In

3

determining whether a factual dispute exists, courts must resolve all reasonable inferences in favor of the nonmovant and must view all of the evidence and pleadings in the light most favorable to a trial on the merits. *Alcantar v. Sanchez*, 2011-NMCA-073, ¶ 2, 150 N.M. 146, 257 P.3d 966. The legal question of whether a party was entitled to summary judgment is reviewed de novo. *Id.*

The question of whether a duty exists is a question of law for the court to determine. *Corlett v. Smith*, 107 N.M. 707, 713, 763 P.2d 1172, 1178 (Ct. App. 1988). "The question of the existence and scope of a defendant's duty of care is a legal question that depends on the nature of the . . . activity in question, the parties' general relationship to the activity, and public policy considerations." *Edward C. v. City of Albuquerque*, 2010-NMSC-043, ¶ 14, 148 N.M. 646, 241 P.3d 1086. Foreseeability is one factor to consider when determining duty, however, "[p]olicy is the principal factor in determining whether a duty is owed and the scope of that duty." *Id.* ¶¶ 14, 18. We analyze whether the Zamoras owed a duty to Simon under Plaintiff's particular visual-obstruction theory. Our review is de novo. *Thompson v. Potter*, 2012-NMCA-014, ¶ 19, __ N.M. __, 268 P.3d 57.

**Plaintiff's Duty Argument**

Plaintiff argues two theories of duty. One theory is that a duty arose out of a contract between the Zamoras and the State of New Mexico Highway Commission.

The other is based on Zamora's status as the vendor of land. As a vendor, according to the Restatement (Second) of Torts §§ 352 and 353 (1965), Zamora may be held liable for any concealed or undisclosed condition that involved an unreasonable risk to people on the land provided certain other conditions are met. We hold that neither of these theories supports a determination that the Zamoras owed a duty to Plaintiff under the circumstances of this case.

Plaintiff first attempts to establish duty through evidence of the contract between Zamora's parents and the State Highway Commission. In Plaintiff's view, the contract establishes foreseeability because it demonstrates that the parents "were parties to the state highway condemnation proceedings that addressed safety issues and required removal of a portion of their building that obstructs the view of highway traffic." Likewise, Plaintiff contends, that Zamora knew about the "condemnation proceedings" because he inherited the property, he had copies of the documents "that addressed safety issues in the context of the condemnation proceeding and required removal of a portion of their residential building."

At the outset, it is necessary that we clarify the contents of the record as it pertains to the contract between Zamora's parents and the State. Plaintiff directs us to the affidavit of Zamora and to a copy of a 1966 "New Mexico State Highway Commission Contract." Zamora's affidavit reads, in pertinent part, as follows:

5

4. In or around 1966, Leandro and Floraida Romero Zamora contracted to sell a portion of the [p]roperty to the State Highway Commission [for a lump sum of $11,705].

5. As a condition to the sale of the property to the Commission, Leandro and Floraida Romero Zamora were required to remove 212 sq ft of an adobe residence.

6. Pursuant to the contract with the Commission, the Commission withheld a portion of the payment, $205.00, until the portion of the adobe residence was removed to the satisfaction of the Commission. . . .

7. On or around January 22, 1970, the Commission issued a Payment Voucher, confirming that the $205.00 had been paid to the Zamoras. . . .

8. Also on January 22, [1]970, the Commission issued a [n]otice confirming that all conditions as outlined in the contract had been fulfilled. In other words, the portion of the adobe residence had been removed. . . .

The conditions of the contract comport with Zamora's affidavit and read as follows:

It is understood and agreed that the [Zamoras] will remove [212 sq. ft. more or less of an adobe residence] on or before September 11, 1966 and that of the total amount of compensation provided, the sum of $205.00 shall be withheld until all improvements have been removed in a satisfactory manner and thereafter notify, in writing, the . . . New Mexico State Highway Commission[.]

Also contained in the record, though not cited by Plaintiff, are two other documents to which Zamora refers in his affidavit, namely, a payment voucher showing that his parents were paid the sum of $205 by the State Highway Commission on January 22,

6

1970, and a written notice bearing the same date that authorized the withheld payment to be released because the conditions of the agreement had been fulfilled.

Notably absent from these documents is any reference to safety or to the structure having obstructed the view of highway traffic. Nor has Plaintiff provided any other evidence that would support her characterization of the contract between Zamora's parents and the State Highway Commission having been for the purpose of "safety" in general or for the specific purpose of removing a visual obstruction. In sum, there exists no evidence that the purpose of the contract was what Plaintiff claims it to have been. To the extent, therefore, that Plaintiff's claim is grounded in the contract's having been for the purpose of removing a visual obstruction or for the general purpose of safety, she failed to produce any evidence to support her claim.

Moreover, even if Plaintiff had provided some evidentiary support for her claim that the contract between Zamora's parents and the State Highway Commission was for the purpose of safety or related to an obstruction of view, any alleged breach of the contractual duty to remove a portion of the residence would not establish a duty to Plaintiff because Plaintiff was not privy to, nor was she a third-party beneficiary of, the contract. As explained in *Baca v. Britt*,

> [a] plaintiff in an action for negligence, who bases his suit upon the theory of a duty owed to him by the defendant as a result of [a] contract must be a party or a privy to the contract; otherwise, he fails to establish

7

> a duty toward[] himself on the part of the defendant, and fails to show any wrong done to himself.

73 N.M. 1, 7, 385 P.2d 61, 65 (1963) (internal quotation marks and citation omitted); *see also Valdez v. Cillessen & Son, Inc.*, 105 N.M. 575, 581, 734 P.2d 1258, 1264 (1987) (explaining that to prove third-party beneficiary status, the contract itself or some other evidence must show that the parties to the contract intended to benefit the third party).  Therefore, to the extent that Plaintiff's claim relies on any alleged breach of a contractual duty to remove a portion of a structure that existed by virtue of Mr. and Mrs. Zamora's contract with the State Highway Commission, the claim cannot stand. *See Baca*, 73 N.M. at 7, 385 P.2d at 65 (stating that "no cause of action in tort arises from a breach of duty existing by virtue of the contract unless there exists between the defendant and the injured person . . . privity of contract" (internal quotation marks omitted)).

**Plaintiff's Restatement (Second) of Torts Argument**

Plaintiff's alternative theory of duty is based on the Restatement (Second) of Torts §§ 352 and 353.  Section 352 reads as follows:

> Except as stated in [Section] 353, a vendor of land is not subject to liability for physical harm caused to his vendee or others while upon the land after the vendee has taken possession by any dangerous condition, whether natural or artificial, which existed at the time that the vendee took possession.

*See also* § 352 cmt. (a) ("The vendee is required to make his own inspection of the premises, and the vendor is not responsible to him for their defective condition, existing at the time of transfer. Still less is he liable to any third person who may come upon the land[.]"). The exception, as stated in Section 353, reads:

> (1)   A vendor of land who conceals or fails to disclose to his vendee any condition, whether natural or artificial, which involves an unreasonable risk to persons on the land, is subject to liability to the vendee and others upon the land . . . for physical harm caused by the condition after the vendee has taken possession, if
>
>> (a)   the vendee does not know or have reason to know of the condition or the risk involved, and
>>
>> (b)   the vendor knows or has reason to know of the condition, and realizes or should realize the risk involved, and has reason to believe that the vendee will not discover the condition or realize the risk.
>
> (2)   If the vendor actively conceals the condition, the liability stated in Subsection (1) continues until the vendee discovers it and has reasonable opportunity to take effective precautions against it. Otherwise the liability continues only until the vendee has had reasonable opportunity to discover the condition and to take such precautions.

Plaintiff argues that the accident was foreseeable because Zamora, as the vendor of the property, failed to notify the vendee of the existence of the dangerous condition. In essence, Plaintiff's contention is that Simon's accident was the foreseeable result of Zamora's having failed to warn the current owner (the vendee) that the structure

9

created a dangerous visual obstruction to traffic because it sat close to the edge of the highway.

Plaintiff's argument in this regard fails for several reasons. First, by its own terms, the Restatement provisions cited by Plaintiff pertain only to harms that befall a third party who is actually *on the land* at the time of the accident or injury. *See* § 352 cmt. (a) (stating the general rule that a vendee is not "liable to any third person who may *come upon the land*" (emphasis added)); § 352 (stating that, under certain conditions, a vendor may be liable to a vendee or "others while *upon the land*" for physical harm caused by dangerous conditions on the land (emphasis added)). Here, Simon's injuries did not occur on the land previously owned by Zamora; rather, the injuries indisputably occurred on SR 76. Plaintiff has supplied no authority that applies Section 353 to facts remotely analagous to those here where the injury did not occur on the owned property, and we therefore assume that none exist. *See Disabled Am. Veterans v. Lakeside Veterans Club, Inc.*, 2011-NMCA-099, ¶ 16, 150 N.M. 569, 263 P.3d 911 ("[W]here no supporting authority for a proposition is cited, this Court may assume that no applicable or analogous authority exists[.]").

Second, even if we were to assume that the Restatement provisions could apply to injuries that occurred off the land but were caused by a dangerous condition on the land, Plaintiff failed to establish any factual basis regarding other aspects of Zamora's

liability as vendor under the cited Restatement sections. Plaintiff relies on affidavits and photographs that purportedly show that Zamora knew or should have known that the structure created a dangerous visual obstruction to traffic and that there had been "similar accidents" in the same location. Assuming, without deciding, that the affidavits may have indicated that an accident was foreseeable, Plaintiff did not establish that Zamora, as a vendor of the land, has any liability to Plaintiff, a third party, as described by the Restatement.

In order to impose any liability upon Zamora as a vendor, Plaintiff was required not only to show that Zamora had knowledge, actual or imputed, of the dangerous condition, but also that he (1) either concealed or failed to disclose the dangerous condition, *and* (2) the vendee did not know or have reason to know of the condition or of the risk involved, *and* (3) Zamora had a reason to believe that the vendee would not discover the condition or realize the risk. *See* § 353. Plaintiff failed to produce any evidence that Zamora concealed or failed to disclose the alleged dangerous condition, and she likewise failed to produce any evidence in regard to what the vendee may have known about the alleged dangerous condition. Thus, Plaintiff has failed to show that Section 353 provides any basis for holding Zamora, as vendor, liable for Simon's injuries.

**Plaintiff's Policy Argument**

11

Plaintiff contends that "[a]s a matter of public policy, New Mexico courts have recognized a duty imposed upon land owners to keep their properties free from visual obstructions to vehicular traffic." In support of this point, Plaintiff cites *Bolen v. Rio Rancho Estates, Inc.*, 81 N.M. 307, 466 P.2d 873 (Ct. App. 1970). In *Bolen*, the plaintiff, the estate of a deceased motorcyclist, brought an action in negligence against a number of defendants, including a home owner who had a four-foot fence on his property and the builder of the fence, claiming that they knew or should have known that the fence would cause a visual obstruction to vehicular traffic, yet, in the face of this knowledge, they failed to reduce its height. *Id.* at 308, 466 P.2d at 874. The court determined that there was no factual basis for the theory of negligence against either the home owner or the fence builder because "neither evidence nor inference" supported the plaintiff's theory that the fence obstructed the view of traffic. *Id.* at 308, 309, 466 P.2d at 874, 875. Having decided the case pursuant to the physical-facts rule, this Court did not reach the question of whether the erection and maintenance of the fence provided a legal basis for imposing liability on the defendants. *Id.* at 309-10, 466 P.2d at 875-76. We fail to see, and Plaintiff fails to explain, how *Bolen* provides any support for her position.

In addition, Plaintiff relies on a California case, which she states was "cited" by the *Bolen* Court. Although the *Bolen* Court noted the case of *Campbell v. City of*

*Palm Springs*, 32 Cal. Rptr. 164 (Ct. App. 1963), it did so for the limited purpose of indicating its inapplicability to the *Bolen* case and only because the *Bolen* plaintiff relied upon it for part of his argument. *Bolen*, 81 N.M. at 311, 466 P.2d at 877. Plaintiff briefly recounts the facts of *Campbell*, in which a California appellate court affirmed a judgment against the appellee city that maintained a row of trees that created a "blind intersection" that was the proximate cause of a vehicular collision. 32 Cal. Rptr. at 167, 169-70.

In *Campbell*, the evidence showed that the city operated and maintained the property at issue at the time of the collision. *Id.* at 169. Here, on the other hand, it is undisputed that Zamora neither operated nor maintained the property when Simon's accident occurred. Plaintiff provides no argument to explain how *Campbell* lends support to her New Mexico public policy argument. "[W]e will not review unclear arguments, or guess at what a party's argument might be and neither will we review arguments that are inadequately developed[.]" *Titus v. City of Albuquerque*, 2011-NMCA-038, ¶ 48, 149 N.M. 556, 252 P.3d 780 (alteration, internal quotation marks, and citation omitted). Therefore, in the context of this case, without any argument pertaining to its applicability, we decline further consideration of *Campbell*.

No case supplied by Plaintiff supports her assertion that, as a matter of public policy, the district court should have imposed a duty upon Zamora, as a former land

13

owner, for an injury that occurred off of the land and occurred after he sold the property. We assume therefore, that no such authority exists. *Disabled Am. Veterans*, 2011-NMCA-099, ¶ 16.

Plaintiff further argues that "[t]he New Mexico Legislature has articulated public policy statements regarding road obstructions by imposing criminal penalties for obstruction of public roads[.]" The criminal statutes upon which Plaintiff relies relate only to obstructions on roads, not obstructions that obstruct a view of the road. *See* NMSA 1978, § 67-7-1 (1915) (prohibiting the obstruction of public roads in any manner "by putting *therein* or *thereon* any obstruction whatsoever" (emphasis added)); NMSA 1978, § 67-7-2 (1915) (prohibiting obstruction and damage to highways and bridges, including a prohibition against erecting a fence or a house "*upon* any highway" (emphasis added)). Because the structure formerly owned by the Zamoras was not on the road, these statutes have no bearing on this case.

Also irrelevant is Plaintiff's reference, unaccompanied by any argument, to the public nuisance statute, NMSA 1978, § 30-8-1 (1963), which prohibits "knowingly creating, performing[,] or maintaining anything affecting any number of citizens without lawful authority which is . . . injurious to public health, safety, morals[,] or welfare; or . . . interferes with the exercise and enjoyment of public rights, including the right to use public property." We are given no basis on which to conclude that

Zamora, at any time relevant to this case, created or maintained a public nuisance, nor are we persuaded that, as a matter of public policy, Section 30-8-1 provides a basis for holding that Zamora owed a duty to Plaintiff under the facts of this case. Plaintiff's decision to refer to Section 30-8-1 without developing any argument in regard to its applicability leaves this Court under no obligation to examine the issue further. *See Bank of N.Y. v. Romero*, 2011-NMCA-110, ¶ 16, 150 N.M. 769, 266 P.3d 638.

**In Sum, Plaintiff Failed to Establish a Legal Duty and Summary Judgment Was Properly Granted in Favor of Zamora**

In sum, Plaintiff has failed to provide any applicable or persuasive authority, and has failed to provide any evidence to support a conclusion that Zamora owed a legal duty to Simon. Because there was no duty, there was likewise no breach of duty. *See Lopez v. Ski Apache Resort*, 114 N.M. 202, 216, 836 P.2d 648, 662 (Ct. App. 1992) (Bivins, J., dissenting) (stating that where there is "no duty to begin with, there is no breach of duty to constitute negligence" (internal quotation marks and citation omitted)). It follows that summary judgment was appropriate. *See Thompson*, 2012-NMCA-014, ¶¶ 24, 40 (affirming summary judgment in favor of the defendants in a negligence action where "there [was] no issue of material fact about whether [the d]efendant[s] violated any duty"). We turn now to Plaintiff's remaining contention.

**Plaintiff's Discovery Argument**

15

Plaintiff adds a contention that "disputed facts exist about the 1966 construction project[.]" Plaintiff claims that facts regarding the 1966 construction project "will ultimately be developed through further discovery" and because there are fact questions regarding the reasons for the State Highway Commission's having sought partial removal of the structure, these questions should go to the jury.

Any discovery pertaining to the construction project that would have been relevant to establishing Zamora's duty should have been requested prior to the summary judgment hearing. *See Butler v. Deutsche Morgan Grenfell, Inc.*, 2006-NMCA-084, ¶ 38, 140 N.M. 111, 140 P.3d 532 (stating that a party facing a summary judgment motion may request that the district court stay its determination so that the nonmovant can conduct discovery needed to rebut the motion). Moreover, to the extent that Plaintiff implies or attempts to argue that she did not have a reasonable opportunity to engage in discovery, this issue was not raised in the district court and was therefore not preserved for our review. *See* Rule 12-216(A) NMRA ("To preserve a question for review[,] it must appear that a ruling or decision by the district court was fairly invoked[.]").

**CONCLUSION**

We affirm.

**IT IS SO ORDERED.**

_____

**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**

_____

**CELIA FOY CASTILLO, Chief Judge**

_____

**LINDA M. VANZI, Judge**