**Certiorari Denied, September 7, 2011, No. 33,153**

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**Opinion Number: 2011-NMCA-099**

**Filing Date:  July 14, 2011**

**Docket No. 29,134**

**DISABLED AMERICAN VETERANS,
CAVERN CITY CHAPTER 13;
DISABLED AMERICAN VETERANS
DEPARTMENT OF NEW MEXICO;
E. DE P. BUJAC POST 3277
VETERANS OF FOREIGN WARS;
VETERANS OF FOREIGN WARS OF
NEW MEXICO; ALLEN SEMRAU,
Individually; and EARL DIGGS,
Individually,**

  **Plaintiffs-Appellees,**

**v.**

**THE LAKESIDE VETERANS CLUB, INC.,**

  **Defendant-Appellant.**

**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY
J. Richard Brown, District Judge**

Montgomery & Andrews, P.A.
Sarah M. Singleton
Jaime R. Kennedy
Santa Fe, NM

McCormick, Caraway, Tabor & Byers, L.L.P.
John M. Caraway
Carlsbad, NM

for Appellees

Rodey, Dickason, Sloan, Akin & Robb, P.A.

1

Edward R. Ricco
Jocelyn C. Drennan
Albuquerque, NM

Marek & Francis, P.A.
Thomas L. Marek
Carlsbad, NM

for Appellant

**OPINION**

**GARCIA, Judge.**

**{1}** Under NMSA 1978, Section 53-8-55(A)(1)(e) (1975), the liquidation of a nonprofit corporation may be initiated by the individual members of the organization. The district court recognized that as of a specific date prior to the filing for liquidation, Lakeside Veterans Club, Inc. (Lakeside) did not have any members. Despite this specific finding, the district court allowed the corporate liquidation action filed by two former members of Lakeside to proceed under the statute. On appeal, Lakeside asserts that these two non-member Plaintiffs did not have standing to pursue liquidation. Without statutory standing to pursue a cause of action, our Supreme Court has recognized that the district court is without subject matter jurisdiction to proceed. We agree with Lakeside and determine that Plaintiffs Allen Semrau (Semrau) and Earl Diggs (Diggs) did not have standing to initiate liquidation proceedings and that the district court lacked subject matter jurisdiction in this case. We reverse and remand this matter for a dismissal of the statutory proceeding to liquidate Lakeside pursuant to Section 53-8-55(A)(1)(e).

**FACTUAL AND PROCEDURAL HISTORY**

**{2}** The material facts that are necessary to address the standing issue in this case are not significantly in dispute. However, the parties materially disagree regarding the legal interpretation of those facts as they apply to the liquidation of Lakeside under Section 53-8-55(A)(1).

**{3}** Lakeside is a veterans' organization that was formed in 1957 to preserve and promote fellowship among veterans of foreign wars and/or disabled American veterans through the ownership of real property and a service club facility located in Carlsbad, New Mexico. The original plaintiffs included E. De P. Bujac Post 3277 Veterans of Foreign Wars (VFW 3277) and Disabled American Veterans, Cavern City Chapter Number 13 (DAV 13), but the district court dismissed both organizations from this lawsuit at trial. VFW 3277 is a local Carlsbad, New Mexico chapter under the jurisdiction and control of the Veterans of Foreign Wars of the State Department of New Mexico (VFW State), which was established under the National Constitution of Veterans of Foreign Wars (VFW National). DAV 13 is a local

Carlsbad, New Mexico chapter under the jurisdiction and control of the Disabled American Veterans Department of New Mexico (DAV State), which was established under the National Constitution of Disabled American Veterans (DAV National). VFW 3277 and DAV 13 were both in existence in Carlsbad, New Mexico, prior to the formation of Lakeside in 1957.

{4}     On January 21, 1953, VFW 3277 and DAV 13 came into joint ownership of a parcel of real estate in equal, undivided one-half interests (the Plum Lane Property). VFW 3277 and DAV 13 were apparently aware of a restriction that prohibited the local chapters of these two organizations from jointly owning or operating real property together, including the Plum Lane Property. Lakeside was apparently created by VFW 3277 and DAV 13 in an effort to thwart this prohibition and to obscure their joint ownership and operation of the Plum Lane Property. VFW 3277 and DAV 13 originally conveyed the Plum Lane Property to Lakeside in 1958 and then reconveyed it to Lakeside in 1995. At all relevant time periods, membership in Lakeside was limited to persons who were (1) original September 1, 1957 members in good standing of VFW 3277 or DAV 13; or (2) persons who later satisfied all eligibility requirements for membership and became members in good standing of VFW 3227 or DAV 13 after September 1, 1957. In 2007, both VFW 3227 and DAV 13 were suspended by VFW State and DAV State as a result of the circumstances involving the joint ownership of the Plum Lane Property and their joint membership arrangement in Lakeside.

{5}     Plaintiffs initiated this lawsuit seeking damages and other relief against Lakeside, including a liquidation and distribution of all of its assets pursuant to Section 53-8-55(A)(1) and NMSA 1978, Section 53-8-56 (1975). The parties do not dispute that Plaintiffs Semrau and Diggs were previous members in good standing with DAV 13 prior to its suspension by DAV State. At trial, Plaintiffs argued that the suspensions of VFW 3227 and DAV 13 left Lakeside without any membership. Plaintiffs further argued that Lakeside must be liquidated because it could not engage in corporate acts or otherwise carry out any corporate business. Lakeside argued that the suspensions of VFW 3227 and DAV 13 did not cause the loss of Lakeside's membership or a revocation of any local charter. The district court agreed with Plaintiffs' argument and found that due to the suspensions of VFW 3227 and DAV 13 by their respective state organizations, Lakeside had no membership and could not engage in corporate acts or otherwise carry out its purposes. As a result, the court ordered the liquidation of Lakeside and distribution of its assets.

{6}     On appeal, Lakeside asserts that Plaintiffs Semrau and Diggs did not have standing to pursue liquidation under Section 53-8-55(A)(1) based upon the district court's finding that Lakeside had no members. Consequently, Lakeside contends that the district court should have dismissed the action for lack of subject matter jurisdiction. Despite prevailing below, Plaintiffs now argue that in fact Lakeside still has its membership, but the current members should be given a special type of classification and be recognized as ineligible and non-functioning members. As a result, Plaintiffs argue that Semrau and Diggs still have standing as ineligible members to seek a corporate liquidation under Section 53-8-55(A)(1). Alternatively, Plaintiffs contend that Lakeside is barred and has waived any right to contest

3

the issue of standing and subject matter jurisdiction due to Lakeside's undisputed position and proposed findings that Semrau and Diggs were members of Lakeside in good standing and that subject matter jurisdiction existed to proceed with a liquidation under Section 53-8-55(A)(1).

**DISCUSSION**

**{7}** Our Supreme Court recently clarified the analysis of the issue of standing and its effect on subject matter jurisdiction in New Mexico proceedings. *ACLU of N.M. v. City of Albuquerque*, 2008-NMSC-045, 144 N.M. 471, 188 P.3d 1222. Specifically, the Court noted that "standing may be a jurisdictional matter when a litigant asserts a cause of action created by statute." *Id.* ¶ 9 n.1. "When a statute creates a cause of action and designates who may sue, the issue of standing becomes interwoven with that of subject matter jurisdiction." *Id.* (internal quotation marks and citation omitted). Under these circumstances, "[s]tanding then becomes a jurisdictional prerequisite to an action." *Id.* (internal quotation marks and citation omitted). Our Courts have long recognized that when the issue of standing is considered jurisdictional, it "may not be waived and may be raised at any stage of the proceedings, even sua sponte by the appellate court." *Gunaji v. Macias*, 2001-NMSC-028, ¶ 20, 130 N.M. 734, 31 P.3d 1008 (internal quotation marks and citation omitted); *Alvarez v. State Taxation & Revenue Dep't*, 1999-NMCA-006, ¶ 6, 126 N.M. 490, 971 P.2d 1280; *Armijo v. Save 'N Gain*, 108 N.M. 281, 282, 771 P.2d 989, 990 (Ct. App. 1989). Under the present circumstances, standing is a jurisdictional question because Section 53-8-55(A)(1) creates a cause of action and explicitly designates who is entitled to bring an action under that provision. *See* Section 53-8-55(A)(1) (providing that a district court shall have power to liquidate a corporation under certain circumstances in an action initiated by a director or member of that corporation). As a result, although Lakeside did not expressly raise the issue of standing in the district court below, the issue of standing is a jurisdictional prerequisite that may properly be addressed by this Court. *See Gunaji*, 2001-NMSC-028, ¶ 20.

**{8}** Lakeside asserts that Plaintiffs Semrau and Diggs did not have standing to pursue liquidation under Section 53-8-55(A)(1) because the district court found that Lakeside did not have any members once VFW 3227 and DAV 13 were suspended by their respective state organizations. Plaintiffs specifically argued and requested that the district court enter findings of fact reflecting that once VFW 3227 and DAV 13 were suspended, Lakeside had "no members . . . capable of voting" and had no members capable of "engag[ing] in corporate acts or otherwise carry[ing] on corporate business." Plaintiffs' factual argument was premised on the express language in Lakeside's bylaws stating that no person was eligible for membership in Lakeside "unless that person has satisfied all eligibility requirements for membership in, and is a member in good standing of [VFW 3227] and/or [DAV 13]."

**Standard of Review**

**{9}** "We review factual questions for substantial evidence. Substantial evidence is

4

relevant evidence that a reasonable mind would find adequate to support a conclusion." *Sitterly v. Matthews*, 2000-NMCA-037, ¶ 22, 129 N.M. 134, 2 P.3d 871 (citation omitted). However, the determination of "[w]hether a party has standing to bring a claim is a question of law which we review de novo." *Prot. & Advocacy Sys. v. City of Albuquerque*, 2008-NMCA-149, ¶ 17, 145 N.M. 156, 195 P.3d 1.

**Substantial Evidence**

{10}    We first examine the underlying factual question of whether Plaintiffs Semrau and Diggs were members of Lakeside at the time they filed the action for liquidation of Lakeside in December 2007. Plaintiffs argue that the undisputed evidence established that Plaintiffs Semrau and Diggs were members of Lakeside and that the corporation continued to have members after the state organizations suspended DAV 13 and VFW 3227. "In reviewing [a] verdict for substantial evidence, we examine the record for relevant evidence such that a reasonable mind might accept as adequate to support a conclusion." *Nava v. City of Santa Fe*, 2004-NMSC-039, ¶ 10, 136 N.M. 647, 103 P.3d 571 (internal quotation marks and citations omitted). "We resolve disputed facts in favor of the party prevailing below, indulging all reasonable inferences in favor of the verdict and disregarding contrary inferences, and we do not independently weigh conflicting evidence." *Id.* (internal quotation marks and citation omitted).

{11}    The district court entered detailed findings regarding Lakeside membership:

> 23.  Both the local chapters [VFW 3227 and DAV 13] have remained suspended by the respective state organizations since the above dates [June and September 2007]; the state organizations have assumed control of the affairs of the local chapters during the suspension.
>
> 24.  Unless the joint ownership of the [Plum Lane] Property is changed, it is likely that the state organizations will continue suspension of the local chapters; ultimately the state organizations are likely to revoke the local chapters' [c]harters without a change in joint ownership.
>
> 25.  As a result of the suspension, members of [DAV 13] and members of [VFW 3227] cannot meet, vote, or conduct any business related to either of the local chapters or Lakeside.
>
> 26.  As a result of the suspension, none of the members of [DAV 13] or [VFW 3227] are in good standing with their local chapters and, as a result, are not eligible for Lakeside membership.
>
> 27.  Membership in Lakeside requires membership in good standing in [DAV 13] or [VFW 3227].

5

28. Members in the local chapters comprise the exclusive membership of Lakeside.

29. Since the state organizations have suspended the memberships of the local chapters, the local members are not in good standing *and therefore there are no members of Lakeside*.

30. As a result of the suspension, *Lakeside has no members and therefore none qualify to engage in corporate acts or otherwise carry out corporate business of Lakeside*.

31. In short, Lakeside can no longer carry out its purposes.

(Emphasis added.)

**{12}** We can find no sound basis for Plaintiffs' substantial evidence argument. In fact, this is contrary to Plaintiffs' evidence and arguments in the trial before the district court. Lakeside's bylaws were submitted to show that Lakeside's membership was limited exclusively to members who were in good standing in DAV 13 or VFW 3227. Testimony and exhibits were admitted to show that no members in good standing existed after the state organizations suspended VFW 3277 in June 2007 and DAV 13 in September 2007. The inability for Lakeside to act in a corporate capacity was at the center of Plaintiffs' case and arguments at trial. We conclude that substantial evidence supports the district court's finding that Lakeside had no members after September 2007. Pursuant to this finding, Plaintiffs Semrau and Diggs were not members of Lakeside at the time this suit was filed in December 2007.

**Standing and Subject Matter Jurisdiction**

**{13}** We next review de novo whether Plaintiffs Semrau and Diggs had standing to bring an action for the dissolution and liquidation of Lakeside under Section 53-8-55(A)(1)(e). *See Prot. & Advocacy Sys.*, 2008-NMCA-149, ¶ 17. "Whether a plaintiff has standing depends on whether the constitutional or statutory provision on which the claim rests properly can be understood as granting persons in the plaintiff's position a right to judicial relief." *N.M. Gamefowl Ass'n v. State ex rel. King*, 2009-NMCA-088, ¶ 14, 146 N.M. 758, 215 P.3d 67 (internal quotation marks and citation omitted), *cert. denied*, 2009-NMCERT-007, 147 N.M. 361, 223 P.3d 358. In interpreting a statute, we first examine "the plain language of the statute, giving the words their ordinary meaning, unless the Legislature indicates a different [meaning] was intended." *N.M. Indus. Energy Consumers v. N.M. Pub. Reg. Comm'n*, 2007-NMSC-053, ¶ 20, 142 N.M. 533, 168 P.3d 105. When employing the plain meaning rule, statutes "are to be given effect as written without room for construction unless the language is doubtful, ambiguous, or an adherence to the literal use of the words would lead to injustice, absurdity or contradiction[.]" *State v. Davis*, 2003-NMSC-022, ¶ 6, 134 N.M. 172, 74 P.3d 1064. "[W]hen a statute contains

language [that] is clear and unambiguous, we must give effect to that language and refrain from further statutory interpretation." *Truong v. Allstate Ins. Co.*, 2010-NMSC-009, ¶ 37, 147 N.M. 583, 227 P.3d 73 (internal quotation marks and citation omitted). "Only if an ambiguity exists will we proceed further in our statutory construction analysis." *Marbob Energy Corp. v. N.M. Oil Conservation Comm'n*, 2009-NMSC-013, ¶ 9, 146 N.M. 24, 206 P.3d 135.

**{14}** Section 53-8-55(A)(1)(e) provides that "[d]istrict courts shall have full power to liquidate the assets and affairs of a corporation . . . *in an action by a member or director* when it is made to appear that . . . the corporation is unable to carry out its purposes[.]" (Emphasis added.) Section 53-8-55(A)(1)(e) expressly limits the right to initiate an action to liquidate a corporation to members or directors of that corporation. Furthermore, the limitation of Section 53-8-55(A)(1)(e) to "an action by a member or director" is unambiguous and cannot be properly understood as granting persons who are neither directors nor members of a corporation the right to initiate an action to liquidate that corporation. *See N.M. Gamefowl*, 2009-NMCA-088, ¶ 14. Here, statutory standing under Section 53-8-55(A)(1)(e) was premised upon the allegations of Plaintiffs Semrau and Diggs that they were members of Lakeside. As previously discussed, the district court ultimately found that Lakeside had no members after September 2007. As a result, we conclude that Plaintiffs Semrau and Diggs had no standing to initiate an action to liquidate Lakeside under Section 53-8-55(A)(1)(e) in December 2007. Because of Plaintiffs' lack of standing, the district court did not have subject matter jurisdiction to proceed with the liquidation action under Section 53-8-55(A)(1)(e). *See ACLU*, 2008-NMSC-045, ¶ 9 n.1 (reasoning that where a statute creates a cause of action and designates who can sue, standing is a jurisdictional prerequisite that is interwoven with subject matter jurisdiction).

**Addressing Plaintiffs' Arguments for Standing and Jurisdiction**

**{15}** Plaintiffs have placed themselves in a strange and conflicting position. The district court ruled in Plaintiffs' favor and adopted their proposed factual position regarding the legal recognition of no membership in Lakeside as of the end of September 2007. On appeal, Plaintiffs are attempting to discredit and cast ambiguity upon the specific findings that they previously asked the district court to enter when it ruled in their favor. Plaintiffs frame this apparent paradox into two separate arguments. First, Plaintiffs argue that Lakeside should be barred from raising the issues of standing and lack of subject matter jurisdiction in this case because Lakeside made factual admissions to the contrary in the district court below. Second, Plaintiffs assert that the district court's findings should be construed to recognize a limited form of membership in Lakeside that would allow liquidation to proceed even after all the members of DAV 13 and VFW 3227 were suspended by their state organizations. We do not agree with Plaintiffs' arguments.

**{16}** Plaintiffs recognize that where standing is jurisdictional, it cannot be waived. *See Gunaji*, 2001-NMSC-028, ¶ 20 (reasoning that where standing is jurisdictional, it "may not be waived and may be raised at any stage of the proceedings" (internal quotation marks and

7

citation omitted)). However, Plaintiffs contend that where a party admits facts that establish the district court's jurisdiction, the party is bound by those factual admissions on appeal. Specifically, Plaintiffs assert that Lakeside's factual claims regarding membership and jurisdiction at trial must now be treated as binding admissions. Effectively, Plaintiffs want to bind Lakeside to its factual version of the membership dispute at trial. Plaintiffs have cited numerous cases from other jurisdictions to support their argument that Lakeside should be factually bound and that this effectively prevents Lakeside from raising the standing and jurisdictional defect claim on appeal. *See Railway Co. v. Ramsey*, 89 U.S. 322, 327 (1874); *Ferguson v. Neighborhood Hous. Servs. of Cleveland, Inc.*, 780 F.2d 549, 550 (6th Cir. 1986). This authority is not on point, and Plaintiffs also recognize that no New Mexico court has ever recognized this principle to restrict a party from raising the issue of subject matter jurisdiction on appeal. *See Pickett Ranch, LLC v. Curry*, 2006-NMCA-082, ¶ 45, 140 N.M. 49, 139 P.3d 209 (stating that where no supporting authority for a proposition is cited, this Court may assume that no applicable or analogous authority exists).

**{17}** *Railway* and *Ferguson* are not on point because the parties in those cases did not dispute the facts giving rise to subject matter jurisdiction. *See Railway*, 89 U.S. at 326-27 (noting that the stipulation to federal jurisdiction was an admission to the existence of supporting factual documents that were accidentally destroyed by fire); *Ferguson*, 780 F.2d at 550-51 (stating that the employer's judicial admissions "eliminate[d] the need for evidence on the subject matter of the admission, as admitted facts are no longer at issue" (internal quotation marks and citation omitted)). In contrast, the parties in this case did not agree on the critical factual issue regarding the current status of membership in Lakeside. Specifically, the issue of whether Lakeside had members after September 2007 remained a contested issue of fact and law throughout the trial in district court. Furthermore, the district court reasoned that its "decision [was] narrowly based on the issue regarding Lakeside membership" and ultimately concluded that "there are no eligible Lakeside members to carry out its purposes."

**{18}** Our Supreme Court has recognized that "[u]nder ordinary circumstances a party is not permitted to take a position in the court below and, thereafter, to take a contrary position on appeal. However, the rule is otherwise when jurisdiction is involved." *Zarges v. Zarges*, 79 N.M. 494, 497, 445 P.2d 97, 100 (1968). In *Zarges*, the Court reasoned that "[j]urisdiction of the subject matter cannot be conferred by consent, much less can it be waived." *Id.* (internal quotation marks and citation omitted). As a result, we conclude that Lakeside is not barred from arguing the jurisdictional implications of the district court's findings on appeal, despite having proposed contrary findings that were rejected by the district court at trial.

**{19}** Plaintiffs next argue that the district court's findings of "no members" in Lakeside should be construed liberally to mean that members still exist for purposes of liquidation under Section 53-8-55(A)(1) even though these members are ineligible or non-functioning for all other corporate and business purposes. As previously discussed, the district court found that "[a]s a result of the suspension, Lakeside has no members and therefore *none*

8

*qualify to engage in corporate acts or otherwise carry out corporate business* of Lakeside." (Emphasis added.) This Court will not disturb the district court's findings of fact "unless they are demonstrated to be clearly erroneous or not supported by substantial evidence." *Roybal v. Morris*, 100 N.M. 305, 311, 669 P.2d 1100, 1106 (Ct. App. 1983). The district court's finding does not appear ambiguous or erroneous. Instead, the court's factual finding simply carries an unintended legal consequence because standing and subject matter jurisdiction were not being considered when the requisite findings were entered.

**{20}** As Lakeside points out, Plaintiffs have failed to explain how seeking corporate liquidation under Section 53-8-55(A)(1) does not constitute a corporate act or involve the carrying out of its corporate business. Furthermore, Plaintiffs provide no authority for the proposition that all actions or business carried out within a corporation may be deemed corporate acts or business except for the act of liquidation under Section 53-8-55(A)(1), and we assume no such authority exists. *See Pickett Ranch*, 2006-NMCA-082, ¶ 45 (stating that where no supporting authority for a proposition is cited, this Court may assume that no applicable or analogous authority exists).

**{21}** Plaintiffs also fail to explain how the district court's findings and conclusions that prevent further corporate acts or business can be construed to carve out one special exception for corporate liquidations. The district court's findings and conclusions do not recognize or identify any exception to the limitations placed upon Lakeside's former membership. Furthermore, to the extent that the district court's finding of no membership conflicts with its legal determination to proceed with the liquidation of Lakeside, the district court's finding prevails. *See Roybal v. Chavez Concrete & Excavation Contractors, Inc.*, 102 N.M. 428, 430, 696 P.2d 1021, 1023 (Ct. App. 1985) (reasoning that "[w]hen a finding supported by substantial evidence conflicts with an opinion [or conflicting conclusion of law], the finding prevails"). Consequently, we conclude that the district court's finding of no membership in Lakeside was not clearly erroneous.

**{22}** As a result, the statutory basis chosen for liquidation, Section 53-8-55(A)(1)(e), was not available to Plaintiffs. The district court was not asked to consider or address the issue of how Plaintiffs might otherwise effectuate a liquidation of Lakeside without any legal members who could act on behalf of the corporation. This Court will not speculate about potential avenues of relief that might have been available or what further action the district court might have taken. *See Sanchez v. Saylor*, 2000-NMCA-099, ¶¶ 22-23, 129 N.M. 742, 13 P.3d 960 (reasoning that this Court will not speculate regarding alternative actions the district court might have taken or "take the district court's place as weigher of facts and judge of credibility" where substantial evidence supports the court's findings). We simply hold that the district court's findings of fact cannot reasonably be construed to recognize a form of membership in Lakeside that would still authorize acting in a corporate capacity to seek a liquidation pursuant to Section 53-8-55(A)(1).

**CONCLUSION**

**{23}** We reverse the decision of the district court that allowed the liquidation of Lakeside to proceed under Section 53-8-55(A)(1)(e). Plaintiffs Semrau and Diggs did not have standing to initiate liquidation proceedings under Section 53-8-55(A)(1)(e) because they were not members of Lakeside at the time the suit was filed. Therefore, the district court did not have subject matter jurisdiction to proceed with a liquidation action under Section 53-8-55(A)(1)(e). We remand for a dismissal without prejudice of Plaintiffs' statutory proceeding pursuant to Section 53-8-55(A)(1)(e).

**{24}  IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**


_____
**CYNTHIA A. FRY, Judge**


_____
**LINDA M. VANZI, Judge**

Topic Index for *DAV v. Lakeside Veterans Club, Inc.*, No. 29,134

| **AE** | **APPEAL AND ERROR** |
|---|---|
| AE-SR | Standard of Review |
| AE-SB | Substantial or Sufficient Evidence |

| **CP** | **CIVIL PROCEDURE** |
|---|---|
| CP-SD | Standing |
| CP-SJ | Summary Judgment |
| CP-WA | Waiver |

| **CS** | **CORPORATIONS** |
|---|---|
| CS-DC | Dissolution of Corporation |
| CS-NP | Non-profit Corporations |
| CS-OD | Officers and Directors |

| **JD** | **JURISDICTION** |
|---|---|
| JD-SM | Subject Matter |

| **ST** | **STATUTES** |
|--------|--------------|
| ST-IP | Interpretation |
| ST-LI | Legislative Intent |
| ST-RC | Rules of Construction |