This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**NATIONWIDE ADVANTAGE**
**MORTGAGE COMPANY,**

Plaintiff-Appellee,

v.                                                          **NO. A-1-CA-36263**

**MARIA M. GARDUNO, ET AL.,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Nan G. Nash, District Judge**

Rose L. Brand & Associates, P.C.
Eraina Marie Edwards
Albuquerque, NM

for Appellee

Maria M. Garduno
Albuquerque, NM

Pro Se Appellant

**MEMORANDUM OPINION**

**VIGIL, Judge.**

{1}      Appellant Maria Garduno appeals from a judgment of foreclosure. We issued an amended notice of proposed summary disposition proposing to affirm the district court, and Appellant has responded with a timely memorandum in opposition. We have considered Appellant's argument, and we remain unpersuaded that our initial proposed disposition was incorrect. We therefore affirm the district court for the reasons set out below.

{2}      The procedural history of this case is as follows. On June 28, 2012, Nationwide filed a complaint for foreclosure against Appellant, in which it alleged that it was the payee of a note executed by Appellant. [RP 1] Appellant did not file an answer to the complaint, and on November 14, 2012, Nationwide filed a motion for default judgment against Appellant, which the district court granted on December 3, 2012. [RP 50, 52-58] On May 9, 2013, Appellant filed a motion to set aside default judgment pursuant to Rule 1-060(B) NMRA, alleging that she was not served with notice of the complaint. [RP 76] The district court granted the motion to set aside default for good cause on March 3, 2014. [RP 105] In its order, the district court stated that Appellant had thirty days from entry of the order setting aside default judgment in which to file an answer to the complaint. [RP 105]

{3}      Appellant did not file an answer within that time period. On May 12, 2015, the district court entered an order dismissing the complaint without prejudice based on

lack of prosecution. [RP 112] On June 11, 2015, Nationwide filed a motion to reinstate the case, which the district court granted on July 22, 2015. [RP 113, 120] On September 2, 2015, Appellant attempted to file an answer to the complaint in which she raised the standing issue. [RP 131] On November 19, 2015, Nationwide filed a motion to strike Appellant's answer as untimely filed. [RP 135] The district court granted the motion to strike the answer on March 23, 2015, stating that Nationwide could proceed to seek default judgment. [RP 159] On July 14, 2016, Nationwide filed a motion for default judgment, and the district court entered judgment of default and order confirming sale on January 20, 2017. [RP 239]

{4}     In her memorandum in opposition, Appellant continues to argue that Nationwide lacked standing to enforce the note. However, Appellant waived the issue of standing by not timely raising it before the district court. In *Deutsche Bank Nat'l Trust Co. v. Johnston*, our Supreme Court clarified that a party that fails to challenge standing prior to the conclusion of trial on the merits or while the litigation is still active, waives her standing arguments. 2016-NMSC-013, ¶¶ 10-18, 369 P.3d 1046. (stating that because standing is prudential rather than jurisdictional, a homeowner can waive the issue, and noting that the homeowner did not waive standing because he timely asserted the defense by motion and at the trial on the merits).

{5} The district court's order setting aside the first default judgment gave Appellant thirty days in which to file an answer to the complaint, which made the answer due on or before April 9, 2014. [RP 105] However, Appellant had not filed an answer by May 12, 2015, over a year later. Rather, Appellant first attempted to file her answer on September 2, 2015. The district court then struck the answer as untimely and entered default judgment. By failing to timely file an answer before the district court granted default judgment in this case, Appellant failed to raise the issue of standing in the district court during active litigation. *See generally Rogers v. Lyle Adjustment Co.*, 1962-NMSC-089, ¶ 10, 70 N.M. 209, 372 P.2d 797 (determining that default judgment was properly entered even though the defendant filed a general denial before entry of default judgment, where the denial was not timely filed). Accordingly, the issue was waived.

{6} Appellant relies on language in *Deutsche Bank* stating "a foreclosure defendant cannot voluntarily waive a challenge to the plaintiff's standing during the course of the litigation." 2016-NMSC-013, ¶ 19. [MIO 2] However, as the Court in *Deutsche Bank* went on to explain, "a foreclosure defendant effectively waives his right to challenge the plaintiff's standing once a final judgment has been entered." *Id*. n. 2. Thus, while a foreclosure defendant can raise the issue of standing at any time during

4

active litigation, the failure to do so will constitute a waiver after entry of final judgment.

{7} In her memorandum in opposition, Appellant argues that our de novo standard of review requires that we "review the issues on appeal sua sponte in order to protect the important societal interests in maintaining the integrity of the property system, protecting subsequent purchasers of the property, irregardless of Ms. Garduño's failure to timely challenge standing in district court." [MIO 3] *See Disabled Am. Veterans v. Lakeside Veterans Club, Inc.*, 2011-NMCA-099, ¶ 9, 150 N.M. 569, 263 P.3d 911 (stating that whether a party has standing to bring a claim is a question of law subject to de novo review). We disagree that the de novo standard of review provides a basis for an appellant to raise issues that were waived in the district court for the first time on appeal.

{8} We do acknowledge, however, that in *Deutsche Bank*, our Supreme Court advised that "[i]n instances where a foreclosure plaintiff seeks a default judgment, courts should raise the standing issue sua sponte and carefully scrutinize the plaintiff's standing to safeguard the integrity of New Mexico's property system and protect subsequent bona fide purchasers." 2016-NMSC-013, n. 4. It is not clear from the record in this case whether the district court *sua sponte* considered the question of Nationwide's standing before entering default judgment. Therefore, as we stated in

our notice of proposed summary disposition, we note that the record does not support Appellant's argument that Nationwide lacked standing to enforce the note. Nationwide filed a complaint for foreclosure in which it alleged that Appellant had executed and delivered a note payable to Nationwide. [RP 1] Nationwide attached a copy of the note which identified the lender as Nationwide Advantage Mortgage Company. [RP 8] This was sufficient to establish that Nationwide was the holder of the note with possession at the time the complaint was filed, and that Nationwide therefore had standing. *See PNC Mortg. v. Romero*, 2016-NMCA-064, ¶ 28, 377 P.3d 461 (stating that a holder of a note has the right to enforce the note); *Bank of N.Y. v. Romero*, 2014-NMSC-007, ¶ 21, 320 P.3d 1 (noting that "[t]he payee is always a holder if the payee has possession" (internal quotation marks and citation omitted)).

{9}     Finally, we reject Appellant's argument that the district court lacked subject matter jurisdiction to render judgment in this matter. *See* Rule 12-321(B)(1) NMRA (stating that the subject matter of the district court may be raised for the first time on appeal). Based on our review of the memorandum in opposition, we understand Appellant to contend the district court lacked subject matter jurisdiction because Nationwide did not establish standing and therefore did not state a claim upon which relief could be granted. [MIO 3] However, "[t]he lack of a plaintiff's standing in an action to enforce a promissory note does not divest a court of subject matter

jurisdiction."*Phoenix Funding, LLC v. Aurora Loan Servs., LLC*, 2017-NMSC-010, ¶ 15, 390 P.3d 174.

{10}    For the foregoing reasons, we affirm the district court.

_____
                                        **MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____
**HENRY M. BOHNHOFF, Judge**

_____
**EMIL J. KIEHNE, Judge**