This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**NEW MEXICO BANK & TRUST,**

Plaintiff/Counterdefendant-Appellee,

**v.**                                                    **No. A-1-CA-35486**

**DEL REANNE LUCAS,**

Defendant/Counterclaimant-Appellant,

**and**

**BERNALILLO COUNTY;**
**ERIK HIGLEY; PRIMROSE POINTE**
**HOMEOWNERS' ASSOCIATION, INC.;**
**and TRISH THURSTON,**

Defendants.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Nan G. Nash, District Judge**

Jurgens & With, P.A.
James R. Jurgens
Santa Fe, NM

Keleher & McLeod, P.A.
Thomas C. Bird
Albuquerque, NM

for Appellee

Cravens Law LLC
Richard H. Cravens, IV
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**VANZI, Judge.**

**{1}** This appeal arises from an in rem foreclosure action commenced by Plaintiff New Mexico Bank & Trust, successor-by-merger to Community Bank (collectively, Bank), after Defendant-Appellant Del Reanne Lucas (Borrower) failed to make payments on a home equity line of credit (HELOC). Borrower appeals from the district court's summary and default judgment, decree for foreclosure and order of sale (Final Order), entered following the district court's order granting Bank's summary-judgment motion and denying Borrower's summary-judgment motion. We affirm, although on grounds different from those stated by the district court.

**BACKGROUND**

**{2}** Borrower represents the facts as undisputed. On January 19, 2010, Borrower executed and delivered the HELOC at issue to Community Bank (a New Mexico-chartered bank) in the original amount of $78,000, secured by a duly recorded mortgage (Mortgage) creating a lien on property located at 8803 Primrose Court, NE in Albuquerque (Property). The Mortgage is a valid lien on the Property. New

Mexico Bank & Trust, also a New Mexico-chartered bank, is the successor-by-merger to Community Bank and the owner and holder of the HELOC and Mortgage.

**Borrower's Bankruptcy Discharge**

{3}     On May 20, 2014, Borrower filed a voluntary Chapter 7 bankruptcy petition, thereby staying "any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title[.]" 11 U.S.C. § 362(a)(5) (2012). Borrower's Schedule D (Creditors Holding Secured Claims) listed the HELOC debt in the amount of $76,100.

{4}     On June 10, 2014, Bank's counsel asked in an email to Borrower's bankruptcy counsel whether Borrower would "reaffirm the debt to [Bank]" and whether Bank should "continue to send computer generated billing notices for the payments due to the debtor, or [if counsel took] the position that the stay prohibits it." Borrower did not consent to Bank's request. Borrower disputes that she herself received the email or notice of the inquiry from her bankruptcy counsel.

{5}     On August 28, 2014, the bankruptcy court issued an order discharging Borrower's debts pursuant to 11 U.S.C. § 727 (2012), including Borrower's personal (in personam) liability for the amount owed on the HELOC. A discharge in bankruptcy "operates as an injunction against the commencement or

continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived." 11 U.S.C. § 524(a)(2) (2012). The discharge injunction does not enjoin enforcement of a creditor's lien against real property. *See*, *e.g.*, *Johnson v. Home State Bank*, 501 U.S. 78, 83-84 (1991) (explaining that the bankruptcy discharge "extinguishes only the personal liability of the debtor"; "the [Bankruptcy] Code provides that a creditor's right to foreclose on the mortgage survives or passes through the bankruptcy"; and "[e]ven after the debtor's personal obligations have been extinguished, the mortgage holder still retains a right to payment in the form of its right to the proceeds from the sale of the debtor's property" (internal quotation marks and citation omitted)).

**Bank's Post-Discharge Foreclosure Action**

{6}     Borrower did not make the monthly HELOC payment due August 21, 2014, and failed to make other monthly payments due thereafter. On January 22, 2015, Bank filed a complaint for foreclosure (in rem), seeking to foreclose on the Property.[1] In addition to allegations concerning Borrower's default and Bank's right to foreclose, the complaint noted the bankruptcy discharge of Borrower's in personam liability on the HELOC. The complaint did not allege that Bank provided notice to Borrower under New Mexico's Home Loan Protection Act

---

[1]The complaint named other defendants in addition to Borrower. We address only the issues pertinent to Bank and Borrower.

4

(HLPA), NMSA 1978, §§ 58-21A-1 to -14 (2003, as amended through 2009), which provides, in pertinent part: "Before an action is filed to foreclose or collect money due pursuant to a home loan or before other action is taken to seize or transfer ownership of property subject to a home loan, the creditor or creditor's assignee of the loan shall deliver to the borrower a notice of the right to cure the default informing the borrower of" certain information. Section 58-21A-6(A).

{7}     Borrower's answer to the complaint asserted several general affirmative defenses, which did not include a defense based on HLPA, and reserved the right to assert additional defenses. After Bank moved to compel discovery responses from her, Borrower filed an "Objection to Written Discovery, Deposition, and Motion for Protective Order," arguing (among other things) that the HELOC debt had been discharged in bankruptcy; Bank was the junior mortgage holder and had failed to notify the senior mortgage holder of the foreclosure action; and Bank's discovery "furthers the abuse of process that started with the filing of a Complaint without probable cause." In a "Reply in Support of Her Objection," Borrower also asserted that she was not in default.

{8}     Months later, on November 10, 2015, Borrower moved to vacate the district court's scheduling order and trial on the grounds that Bank "did not give Notice or a chance to Cure before filing the Complaint"; Bank was "prohibited from filing the Complaint in Foreclosure without giving Notice and the opportunity to Cure"

5

(citing Section 58-21A-6); and "[t]he violations of state law and covenant [of good faith and fair dealing] require [Borrower] to seek leave of the Court to amend her Answer and make Counterclaims." In opposing Borrower's motion, Bank stated that Borrower "did not consent to reaffirming the debt or that [Bank] could continue to send computer notices of payments due" and that, in answering the foreclosure complaint, Borrower did not raise a HLPA-based defense or assert any counterclaims. Bank argued that Borrower's motion was untimely and that amendment would be futile because, while "a post-discharge act to enforce a lien against real property of a debtor (to collect a debt in rem), does not violate the discharge injunction[,]" Bank "could not send an HLPA notice without violating the discharge injunction and exposing itself to being held in contempt of court and to damages[,]" and "[p]ursuant to the Supremacy Clause, [Bank]'s duty to obey federal law overrides any state law duty to send a HLPA notice." "If [Borrower] is allowed to assert a counterclaim under the HLPA," Bank argued, "she will be asking th[e district c]ourt [to] hold [Bank] liable for not sending a notice that would have exposed [Bank] to being held in contempt of the Bankruptcy Court."

{9} On January 4, 2016, Bank moved to dismiss the foreclosure action without prejudice, stating, "While [Bank] believes that an HLPA notice was preempted by the discharge injunction, to avoid further unnecessary litigation on the issue [Bank] will consent to dismissal of this case [to allow the Bank to provide the HLPA

6

Notice.]" The record contains no response to the motion from Borrower. On January 5, 2016, Borrower moved to amend her answer and assert counterclaims, arguing the same grounds stated in her earlier motion to vacate. In a January 20, 2016 order, the district court ruled that Bank's motion to dismiss and Borrower's motion to amend were untimely, but granted Borrower's motion for leave to amend while denying her motion to vacate.

{10} The affirmative defenses asserted in Borrower's amended answer, filed January 22, 2016, include that Bank failed to comply with state and federal law in seeking foreclosure and failed to comply with and violated HLPA, and that HLPA notice and right to cure "is a mandatory condition precedent to commencing suit." The counterclaim alleged that Bank "was prohibited from filing the Complaint in Foreclosure without giving Notice and the Right to Cure pursuant to [Section] 58-21A-6(A)" and asserted entitlement to recover damages and attorney fees for violations of HLPA, the Unfair Practices Act (UPA), NMSA 1978, §§ 57-12-1 to -26 (1967, as amended through 2009), and the covenant of good faith and fair dealing, and for malicious abuse of process and civil conspiracy.

**Dispositive Motions**

{11} On December 4, 2015, (before filing the amended answer and counterclaim) Borrower moved for summary judgment on the foreclosure complaint, arguing that Bank "is prohibited from filing the Complaint in Foreclosure without giving Notice

and the opportunity to Cure" (citing Section 58-21A-6); Bank's failure "to give Notice or a chance to Cure violates the covenant of good faith and fair dealing"; and the filing of the foreclosure action without first providing notice and a cure opportunity constitutes a violation of HLPA and a per se violation of the UPA. Borrower also argued, relying exclusively on *Bank of N.Y. v. Romero*, 2014-NMSC-007, 320 P.3d 1, that "HLPA is not preempted by federal law."

{12}    On December 10, 2015, Bank moved for summary judgment, arguing (as relevant here) that it properly exercised its rights under the HELOC and Mortgage by filing its complaint for "in rem foreclosure of the lien of the Mortgage as against the Property"; and that it also was entitled to judgment as a matter of law on Borrower's affirmative defenses because (among other things) the Mortgage did not require notice after default and Bank was prohibited from sending a HLPA notice because "it would have violated the bankruptcy discharge injunction and exposed [Bank] to being held in contempt of court and for damages." Bank also argued that "[p]ursuant to the Supremacy Clause, [Bank]'s duty to obey federal law overrides any state law duty to send a HLPA notice."

{13}    In its December 22, 2015 opposition to Borrower's summary-judgment motion, Bank admitted it did not give Borrower notice of default before filing the foreclosure complaint, but asserted that Borrower "refused to consent to the continuation of payment notices and [Bank] was prohibited from sending a notice

to [Borrower] demanding payment by 11 U.S.C. § 542(a)(2) [(2012)]." Bank argued (among other things) that Borrower's lack-of-notice defense was barred by equitable doctrines, and reiterated its arguments that the Mortgage did not require notice after default and that Bank was prohibited from sending a HLPA notice because, although "the injunction created by § 542(a) does not affect a creditor's lien against real property[,]" Bank could not comply with HLPA Section 58-21A-6 "without violating the discharge injunction and exposing itself to being held in contempt of court and to damages." Under the heading "Federal Preemption," Bank argued that it "could not obey the discharge injunction and comply with the HLPA's notice requirements" and "[t]he Bankruptcy Code preempts the HLPA[,]" citing the Supremacy Clause and stating that "[c]onflict preemption occurs either when compliance with both federal and state law is a physical impossibility or when state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." Bank also argued that *Romero*, 2014-NMSC-007, relied on by Borrower, did not control this case because Bank is a state-chartered bank and *Romero* involved a nationally chartered bank and addressed whether HLPA was preempted by federal law not at issue here—the National Bank Act (NBA), the Dodd-Frank Act, and federal regulations governing national banks.

{14} In its December 28, 2015 opposition to Bank's summary-judgment motion, Borrower admitted that Bank is a state-chartered bank. In reiterating her argument that the filing of the foreclosure action without first providing notice and a cure opportunity constitutes a violation of HLPA and a per se UPA violation, Borrower asserted (citing no authority) that notice and opportunity to cure under HLPA Section 58-21A-6 "is a statutory condition precedent to a foreclosure action in New Mexico" and that failure to provide such notice and opportunity to cure is "a clear violation of the [HLPA], which is a per se violation of the UPA."

{15} In an order entered February 9, 2016, the district court denied Borrower's summary judgment motion and granted Bank's summary judgment motion, ruling that Bank was "entitled to summary judgment for in rem foreclosure of the lien of the Mortgage as against the property" and "entitled to summary judgment on [Borrower]'s affirmative defenses." In so doing, the court noted that "[Bank]'s failure to comply with HLPA is [Borrower]'s only real challenge to [Bank]'s Complaint" and that Borrower's challenges to Bank's facts "failed to meet the standard set forth in Rule 1-056(D)(2) [NMRA]." The court based its order on the bankruptcy discharge injunction and conflict preemption, concluding that "the bankruptcy discharge injunction prohibited [Bank] from sending a HLPA notice"; "[t]he requirements of HLPA, requiring notice to the debtor prior to foreclosure proceedings conflict with the federal bankruptcy discharge injunction" and,

10

therefore, Bank "could not give the required state HLPA notice while also refraining from the facially impermissible actions with regard to the discharge injunction"; and "Section 58-21A-6 is preempted by federal bankruptcy law." In reaching its conclusions, the district court rejected Borrower's reliance on our Supreme Court's decision in *Romero*, reasoning that *Romero* was "based on the analysis of the federal law at issue, which addressed national banks . . . not federal bankruptcy law, as in the present matter" and that "[t]he *Romero* holding cannot logically be understood as precluding a conclusion that unrelated federal laws do not preempt HLPA." The court did not address the other arguments raised in the parties' summary judgment motions.

**Final Order, Notice of Appeal and Property Sale**

{16}     The district court issued its Final Order on March 1, 2016, holding (among other things) that Bank was entitled to summary judgment on Borrower's affirmative defenses and counterclaim and ordered that Borrower's affirmative defenses and counterclaim be dismissed with prejudice. As in its earlier order on the summary-judgment motions, the court concluded that "[t]he bankruptcy discharge injunction prohibited [Bank] from sending a HLPA notice"; "[t]he requirements of HLPA, requiring notice to the debtor prior to foreclosure proceedings conflict with the federal bankruptcy discharge injunction" and, therefore, Bank "could not give the required state HLPA notice while also

11

refraining from the facially impermissible actions with regard to the discharge injunction"; and "Section 58-21A-6 [of the HLPA] is preempted by federal bankruptcy law."

{17} The Final Order also held that Bank "was entitled to accelerate all amounts owed on the HELOC and foreclose the Mortgage in rem" and ordered that "[t]he Mortgage is foreclosed and the Property shall be sold to satisfy the indebtedness owed to [Bank] under the HELOC, free and clear of all right, title and interest of all the defendants." The Final Order included other rulings and orders concerning the amount owed on the HELOC, attorney fees and costs, and matters related to the sale of the Property, and also referenced the need for a subsequent order approving the foreclosure sale.

{18} On March 10, 2016, after she filed her notice of appeal from the Final Order on March 9, 2016, Borrower moved in the district court to stay the judgment pending appeal, which relief Bank opposed unless Borrower posted a bond. On April 14, 2016, the Special Master appointed to conduct the sale of the Property filed a report describing the sale held April 13, 2016, at which the "[n]o objections were raised by any party or person present to the conduct of the sale" and Bank was the highest bidder. The proposed Special Master's Deed, submitted with the report for the district court's approval, purported to convey the property "subject to a first mortgage believed to be in favor of J.P. Morgan Chase and believed to be in

12

the approximate amount of $390,000." The Special Master requested that "the [district c]ourt approve and ratify his acts," including the proposed "Special Master's Deed and costs of sale[.]" The record on appeal does not include an order approving or confirming the sale or any filings challenging the sale.

**DISCUSSION**

{19}    In ruling against Borrower and in favor of Bank, the district court recognized that "[Bank]'s failure to comply with HLPA is [Borrower]'s only real challenge to [Bank]'s Complaint" and that Borrower's challenges to Bank's facts "fail[ed] to meet the standard set forth in Rule 1-056(D)(2)." But the court did not address Borrower's argument that notice and opportunity to cure under HLPA Section 58-21A-6 "is a statutory condition precedent to a foreclosure action in New Mexico[,]" resting its decision on the conclusions that "the bankruptcy discharge injunction prohibited [Bank] from sending a HLPA notice"; "[t]he requirements of HLPA, requiring notice to the debtor prior to foreclosure proceedings conflict with the federal bankruptcy discharge injunction" and, therefore, Bank "could not give the required state HLPA notice while also refraining from the facially impermissible actions with regard to the discharge injunction"; and "Section 58-21A-6 is preempted by federal bankruptcy law." Even assuming, *arguendo*, that the district court erred in these rulings, as Borrower contends, nothing in HLPA's text bars the filing and prosecution of an in rem foreclosure action.

13

**{20}** Because we conclude that entry of judgment in favor of Bank and against Borrower is proper even if HLPA is not preempted, we affirm without ruling on the preemption issue. *See*, *e.g.*, *Bd. of Cty. Comm'rs of v. Chavez*, 2008-NMCA-028, ¶ 12, 143 N.M. 543, 178 P.3d 828 (explaining that "the reviewing court is not limited to the district court's reasoning in affirming a grant of summary judgment" and noting the well-established principle that "an appellate court will affirm the district court if it is right for any reason and if affirmance is not unfair to the appellant" (internal quotation marks and citations omitted)). Borrower's contention that the sale should be set aside is not properly before us, as the district court must enter an order approving and confirming the Property sale and no such order is in the record.

**A.     Standard of Review**

**{21}** "Summary judgment is appropriate where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." *Self v. United Parcel Serv., Inc.*, 1998-NMSC-046, ¶ 6, 126 N.M. 396, 970 P.2d 582. We review questions of law de novo, including the question whether a party is entitled to judgment as a matter of law, *see id.*, and questions concerning statutory construction and preemption, *see also Baker v. Hedstrom*, 2013-NMSC-043, ¶ 10, 309 P.3d 1047; *Alliance Health of Santa Teresa, Inc. v. Nat'l Presto Indus., Inc.*, 2005-NMCA-053, ¶ 25, 137 N.M. 537, 113 P.3d 360.

14

**B.** **The District Court Did Not Err In Entering Judgment In Bank's Favor, Dismissing Borrower's Affirmative Defenses and Counterclaim, and Denying Borrower's Summary Judgment Motion**

**1.** **Section 58-21A-6 Does Not Bar Bank's Foreclosure Complaint**

{22} HLPA Section 58-21A-6(A) provides:

> A. Before an action is filed to foreclose or collect money due pursuant to a home loan . . . the creditor or creditor's assignee of the loan shall deliver to the borrower a notice of the right to cure the default informing the borrower of:
>
> (1) the nature of the default;
>
> (2) the borrower's right to cure the default by paying the sum of money required[;]
>
> (3) the date by which the borrower may cure the default to avoid a court action, acceleration and initiation of foreclosure or other action to seize the property[;]
>
> (4) that if the borrower does not cure the default by the date specified, the creditor or assignee may file an action for money due or take steps to terminate borrower's ownership in the property by requiring payment in full of the home loan and commencing a foreclosure proceedings or other action to seize the property; and
>
> (5) the name and address and telephone number of a person whom the borrower may contact if the borrower disagrees with the assertion that a default has occurred or the correctness of the calculation of the amount required to cure the default.

{23} Borrower contends that "[p]roviding Notice and Right to Cure pursuant to HLPA is a statutory condition precedent, without which suit may not be filed." Borrower cites no authority for this proposition, other than Section 58-21A-6(A). She simply asserts that Bank "knew, or should have known, that controlling law

15

prohibited the foreclosure action without first giving Notice and the Right to Cure" and that she "believes" that "providing HLPA Notice and the Right to Cure is a statutory condition precedent to filing suit for foreclosure in New Mexico[.]" Borrower has not shown that Bank's failure to comply with the requirements of Section 58-21A-6(A) barred Bank's foreclosure action.

{24} When a statute contains language which is clear and unambiguous, courts "must give effect to that language and refrain from further statutory interpretation." *United Rentals Nw., Inc. v. Yearout Mech., Inc.*, 2010-NMSC-030, ¶ 9, 148 N.M. 426 (internal quotation marks and citation omitted). Section 58-21A-6(A) does state that a creditor "shall" inform a borrower of the right to cure before filing its action. Section 58-21A-6(A). But nothing in Section 58-21A-6(A), or elsewhere in the HLPA, provides that a creditor's failure to comply with Section 58-21A-6(A) operates to deprive the creditor of its legal rights or deprive the district court of jurisdiction over an in rem foreclosure action. And courts may not "read into [a] statute language which is not there, [particularly if it] makes sense as written." *Levario v. Ysidro Villareal Labor Agency*, 1995-NMCA-133, ¶12, 120 N.M. 734 (internal quotation marks and citation omitted).

{25} Our Supreme Court has admonished, moreover, that courts must analyze a "statute's function within a comprehensive legislative scheme" and may not consider subsections "in a vacuum[.]" *State v. Rivera*, 2004-NMSC-001, ¶ 13, 134

16

N.M. 768, 82 P.3d 939 (internal quotation marks and citation omitted). Subsection E —within Section 58-21A-6 further undermines any argument that the Legislature intended to condition the right to bring a foreclosure action (or jurisdiction over such cases) on compliance with Subsection A's notice requirement, making clear that alleged violations of HLPA may be asserted as claims or defenses in a foreclosure action. *See* § 58-21A-6(E) (stating that a creditor "that has the legal right to foreclose shall, in a foreclosure, use the judicial foreclosure procedures provided by law" and that the borrower may assert in such proceeding "the nonexistence of a default and any other claim or defense to acceleration and foreclosure, including any based on a violation of the [HLPA], though no such claim or defense shall be deemed a compulsory counterclaim").

{26}   Other statutes contain clear language identifying bars to suit. *See*, *e.g.*, NMSA 1978, § 41-4-16(B) (1977) ("No suit or action for which immunity has been waived under the Tort Claims Act shall be maintained and no court shall have jurisdiction to consider any suit or action against the state or any local public body unless notice has been given as required by this section, or unless the governmental entity had actual notice of the occurrence."). Had the Legislature intended non-compliance with Section 58-21A-6(A) to operate as a bar to the filing of a foreclosure action, it would have said so. *See State v. Greenwood*, 2012-NMCA-017, ¶ 38, 271 P.3d 753 ("The Legislature knows how to include language in a

17

statute if it so desires.") (alteration, internal quotation marks, and citation omitted). And it would not have stated in Section 58-21A-6(E) that alleged violations of HLPA may be asserted as claims or defenses in a foreclosure action. *See also* NMSA 1978, § 12-2A-19 (1997) ("The text of a statute or rule is the primary, essential source of its meaning."); *N.M. Bd. of Veterinary Med. v. Riegger*, 2007-NMSC-044, ¶ 11, 142 N.M. 248, 164 P.3d 947 ("We will construe the entire statute as a whole so that all the provisions will be considered in relation to one another." (internal quotation marks and citations omitted)).

**{27}** Based on the foregoing analysis, we conclude that Borrower's "only real challenge to [Bank]'s Complaint[,]" as the district court described it, fails as a matter of law based on the text of Section 58-21A-6, upon which Borrower relies. Because Borrower's erroneous contention that compliance with Section 58-21A-6 is a "statutory condition precedent" to a foreclosure suit forms the basis for all Borrower's claims against Bank (*e.g.*, UPA violation, breach of the covenant of good faith and fair dealing, malicious abuse of process, conspiracy) those claims too fail as a matter of law.

**2. Borrower Has Not Challenged Any Material Facts Upon Which the District Court Based its Rulings**

**{28}** Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and

18

that the moving party is entitled to a judgment as a matter of law." Rule 1-056(C). The district court stated that Borrower's challenges to Bank's facts "failed to meet the standard set forth in Rule 1-056(D)(2)." *See id.* (requiring party opposing summary judgment to submit "a concise statement of the material facts as to which the party contends a genuine issue does exist" and "shall refer with particularity to those portions of the record upon which the opposing party relies"; providing that "[a]ll material facts set forth in the statement of the moving party shall be deemed admitted unless specifically controverted"); Rule 1-056(E) NMRA ("When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.").

{29}     On appeal, Borrower does not challenge any material facts upon which the district court based its rulings. To the contrary, Borrower represents the facts as undisputed. Accordingly, Borrower has not shown any error in the district court's entry of summary judgment in favor of Bank based upon the existence of a genuine dispute of material fact requiring trial.

**3.     Borrower Has Not Shown Harm From Non-Compliance With Section 58-     21A-6(A)**

19

**{30}** The HLPA provision authorizing civil actions gives standing to borrowers "harmed by a violation of the [HLPA]." Section 58-21A-9. Although Borrower asserts entitlement to recover damages and other relief for violations of HLPA, she has not shown that she was "harmed" by Bank's failure to comply with Section 58-21A-6(A). *See Horne v. Los Alamos Nat'l Sec., L.L.C.*, 2013-NMSC-004, ¶ 15, 296 P.3d 478 (explaining that "the party opposing summary judgment has the burden to demonstrate the existence of specific evidentiary facts which would require trial on the merits" and "may not simply argue that such evidentiary facts might exist" or "rest upon the allegations of the complaint") (alteration, internal quotation marks, and citations omitted).

**{31}** For example, Borrower has not adduced evidence showing that she could or would have cured the default had she been given notice and an opportunity to do so, or that Bank's foreclosure action deprived her of her right to cure. *See* § 58-21A-6(B) ("[T]he borrower . . . may, at any time prior to the time the title is transferred by means of foreclosure, by judicial proceeding and sale or otherwise, cure the default and reinstate the home loan. Cure of the default shall reinstate the borrower to the same position as if the default had not occurred and shall nullify, as of the date of the cure, an acceleration of any obligation under the home loan arising from the default."); *Plaza Nat. Bank. v. Valdez*, 1987-NMSC-105, ¶ 12, 745 P.2d 372 (title transfers upon entry of order approving special master's sale).

{32}    Absent such evidence, Borrower's counterclaim fails as a matter of law. To the extent a showing of harm is required to establish standing to sue under HLPA, the counterclaim fails for lack of jurisdiction. *AFSCME v. Bd. of Cty. Comm'rs*, 2016-NMSC-017, ¶ 14, 373 P.3d 989 ("If a statute creates a right and provides that only a specific class of persons may petition for judicial review of an alleged violation, then the courts lack the jurisdiction to adjudicate that alleged violation when the petition is brought by a person outside of that class."); *Deutsche Bank Nat'l Trust Co. v. Johnston*, 2016-NMSC-013, ¶ 11, 369 P.3d 1046 (where "a statute creates a cause of action and designates who may sue," standing is "a jurisdictional prerequisite to an action"); *Disabled Am. Veterans v. Lakeside Veterans Club, Inc.,* 2011-NMCA-099, ¶ 7, 150 N.M. 569, 263 P.3d 911 ("Our [c]ourts have long recognized that when the issue of standing is considered jurisdictional, it may not be waived and may be raised at any stage of the proceedings, even sua sponte by the appellate court.") (internal quotation marks and citations omitted).

**3.      Borrower Has Not Properly Supported or Adequately Developed Any Other Argument Requiring Reversal**

{33}    Borrower cites no facts or legal authority supporting any other claim asserted in the counterclaim (*e.g.*, UPA violation, breach of the covenant of good faith and fair dealing, malicious abuse of process, conspiracy) and we decline to consider them. *See Santa Fe Exploration Co. v. Oil Conservation Comm'n*, 1992-

21

NMSC-044, ¶ 11, 114 N.M. 103, 835 P.2d 819 (an appellate court will not review issues raised in appellate briefs and unsupported by cited authority); *Muse v. Muse*, 2009-NMCA-003, ¶ 72, 145 N.M. 451, 200 P.3d 104 ("We will not search the record for facts, arguments, and rulings in order to support generalized arguments.").

**C.    Remaining Issues**

**{34}**    It is understandable that the parties devote significant argument to the district court's conclusions that "the bankruptcy discharge injunction prohibited [Bank] from sending a HLPA notice"; "[t]he requirements of HLPA, requiring notice to the debtor prior to foreclosure proceedings conflict with the federal bankruptcy discharge injunction" and, therefore, Bank "could not give the required state HLPA notice while also refraining from the facially impermissible actions with regard to the discharge injunction"; and "Section 58-21A-6 is preempted by federal bankruptcy law." As noted, however, even assuming that the district court erred in reaching these conclusions, entry of judgment in favor of Bank and against Borrower is nonetheless correct. Accordingly, we may affirm without reaching the issues of the discharge injunction and preemption. *See Bd. of Cty. Comm'rs*, 2008-NMCA-028, ¶ 12.

**{35}**    Finally, because the district court must enter an order approving and confirming the Property sale and no such order is in the record, Borrower's

contention that the sale should be set aside is not properly before us. *See Speckner v. Riebold*, 1974-NMSC-029, ¶ 9, 86 N.M. 275, 523 P.2d 10 ("That part of the decree of foreclosure that directs the manner and terms of the sale of the mortgaged property does not become a final judgment until the judicial confirmation of the sale, whereupon it becomes final."); *see also Kelly Inn No. 102, Inc. v. Kapnison*, 1992-NMSC-005, ¶ 17, 113 N.M. 231, 824 P.2d 1033.

**CONCLUSION**

{36}    We affirm the district court's judgment.

{37}    **IT IS SO ORDERED.**

_____
**LINDA M. VANZI, Judge**

**WE CONCUR:**

_____
**JULIE J. VARGAS, Judge**

_____
**JACQUELINE R. MEDINA, Judge**

23